**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NORYS YANELI BARCENAS PENA,
*ex rel.*
JESUS ALFONZO QUINTERO-BARCENAS,

*Petitioner*,

v.

DIRECTOR, WASHINGTON FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,

*Respondents*.

Civil Action No. 1:26-cv-04096 (CJN)

**TEMPORARY RESTRAINING ORDER**

The Court has reviewed Petitioner's *pro se* Emergency Petition for Writ of Habeas Corpus and Emergency Request for Stay of Transfer, ECF No. 1, which the Court construes as both a petition for a writ of habeas corpus and a motion for temporary restraining order.

The petition alleges that U.S. Immigration and Customs Enforcement took Jesus Alfonzo Quintero-Barcenas, a Venezuelan citizen with no serious criminal history and a "fixed family residence in the community," into civil immigration custody in Washington, D.C., on November 18, 2026. According to the petition, ICE detained Quintero-Barcenas without presenting a judicial warrant and without making a finding of "individualized probable cause that he was likely to escape before a warrant could be obtained."

Consequently, the petition contends that ICE's detention of Quintero-Barcenas violated a preliminary injunction issued by another judge of this Court. *See Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1 (D.D.C. 2025) (Howell, J.). The order in *Molina* explicitly

enjoined ICE and its agents from "enforcing their policy or practice of making warrantless civil immigration arrests in the District of Columbia without a pre-arrest individualized determination by the arresting agent of probable cause that the person being arrested is likely to escape before a warrant can be obtained." *Id.* at 65. On the facts presented, Quintero-Barcenas also appears to be a member of the class provisionally certified in that order: "All persons who, since August 11, 2025, have been or will be arrested in this District for alleged immigration violations without a warrant and without a pre-arrest, individualized assessment of probable cause that the person poses an escape risk." *Id.*

On this record, the Court finds (1) that Petitioner has satisfied the four factors governing the issuance of preliminary relief, *see Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); (2) that Quintero-Barcenas's detention likely violates the preliminary injunction entered in *Molina* and that his transfer outside the District would constitute irreparable harm; (3) that the necessity of preventing Quintero-Barcenas's potentially imminent removal from the District justifies the issuance of a temporary restraining order without notice; and (4) that Petitioner is not required to post security pursuant to Federal Rule of Civil Procedure 65(c).

Therefore, in order to preserve the status quo, it is hereby **ORDERED**:

(1) that the Petition, construed in part as a motion for a temporary restraining order, is **GRANTED** as to the request for a temporary restraining order, while the underlying habeas petition remains pending;

(2) that Respondents, along with their agents, are **ENJOINED** from transferring Quintero-Barcenas outside the District of Columbia prior to 11:59 PM on Tuesday, November 24, 2026, absent further order from the Court; and

(3) that a hearing is **SET** for this matter at 11:00 AM on Tuesday, November 24, 2026, in Courtroom 17.

It is further **ORDERED** that Respondents shall **SHOW CAUSE** in writing, on or before November 23, 2026, why Quintero-Barcenas should not be released from custody.

Finally, it is further **ORDERED** that the Clerk of Court shall forthwith transmit copies of this Order and the Petition via email to the U.S. Attorney's Office.

* * *

It is so **ORDERED**, this nineteenth day of November, at 8:45 PM.

DATE: November 19, 2026

CARL J. NICHOLS
United States District Judge